# IN THE UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF FLORIDA
# TALLAHASSEE DIVISION

**CASH WARREN PAWLEY, SR., and**
**HIS ESTATE AND HEIRS,**

    **Plaintiffs,**

vs.                                     Case No. 4:17cv95-MW/CAS

**JANICE MARIE,**
**LISA MARIE BADINI,**
**SANOFI-AVENTIS, LLC,**
**and UNKNOWN HOMEOWNERS**
**INSURANCE COMPANY, et al.,**

    **Defendants.**

_____/

## REPORT AND RECOMMENDATION

Defendant Sanofi-Aventis ("Sanofi") filed a notice of removal on February 20, 2017. ECF No. 1. Sanofi's notice asserted that this Court had subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332, and "excluding the fraudulently and/or misjoined defendants, it is a civil action between citizens of different states and the matter in controversy exceeds the sum of $75,000 . . . ." ECF No. 1 at 3. Sanofi further said that "[t]he presence of in-state and non-diverse defendants is not a bar to

removal because they have been improperly joined in this case to defeat diversity." *Id.*

An Order was entered on February 22, 2017, finding removal was timely pursuant to 28 U.S.C. § 1446(b), but raising questions as to whether the notice of removal was served on all Defendants, whether severance was required for the action to proceed, and whether venue was appropriate in this Court. ECF No. 4. In particular, the Order noted that Plaintiff's complaint sought "damages, injunctive relief, and a 'declaratory statement that [he] was deprived of his right to life, liberty and the pursuit of happiness' in violation of the Florida and United States Constitutions." *Id.* at 4 (citing pages 14 -15 of the complaint, now filed as ECF No. 16). Thus, the Order suggested that Plaintiff's complaint asserted a claim under the Court's federal question jurisdiction and severance was not necessary for the case to proceed in federal court. *Id.* at 5. Nevertheless the parties were provided an opportunity to address that issue. *Id.* at 6.

Sanofi has responded, ECF No. 17, advising that if the Court determines Plaintiff's complaint alleged a violation of his constitutional rights, the case may proceed with all Defendants and there is no need to sever the action. ECF No. 17 at 2, n.2. However, Sanofi maintains the

position that the "Court should sever and remand the claims against Ms. Marie and Ms. Badini, and retain jurisdiction over the product liability claims asserted against Sanofi." *Id.* at 2; *see also id.* at 10. Plaintiff has argued that this Court lacks jurisdiction because removal was not timely. ECF No. 12. That argument has been rejected. ECF No. 14. It is concluded that this case was properly removed to federal court because Plaintiff's complaint alleged civil rights claims against the other Defendants. This Court has original jurisdiction over such claims. 28 U.S.C. § 1441. There is no need to sever the case for jurisdiction to exist and, notably, a motion to sever was not filed. Sanofi did, however, file a motion to dismiss the complaint. ECF No. 5. That motion should be denied as moot because Plaintiff filed an amended complaint. ECF No. 20.

Plaintiff's amended complaint was submitted along with an in forma pauperis motion. ECF No. 18. The filing fee was paid by Sanofi at the time of removal. Accordingly, Plaintiff's motion, ECF No. 18, should be denied as moot.

As for the other issues, the record makes clears that no other Defendant has been served. ECF Nos. 10, 12. Service has been redirected on Defendant Badini, but the whereabouts of Defendant Marie

Case No. 4:17cv95-MW/CAS

remain uncertain. ECF No. 14. Service was not redirected on that Defendant. The identity of the Homeowners Insurance Company is not known and, thus, service has not been carried out.

Finally, Sanofi notes that it was bound by statute to remove the case to this Court because the original complaint was filed in state court in Wakulla County, Florida. ECF No. 17 at 11 (citing 28 U.S.C. § 1446(a)). Sanofi agrees that venue would be appropriate in the Southern District of Florida, Key West Division. *Id.* at 11-12. The relevant statute states that venue is proper in:

> "(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located; (2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or (3) if there is no district in which an action may otherwise be brought as provided in this section, any judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

28 U.S.C. § 1391(b). There is no connection to the Northern District of Florida except for the fact that Plaintiff is incarcerated in this District. None of the Defendants reside here,[1] nor did the events at issue take place in

---

[1] However, it is noted that a "corporation shall be deemed to reside in any district in that State within which its contacts would be sufficient to subject it to personal jurisdiction if that district were a separate State . . . ." 28 U.S.C. § 1391(d).

Case No. 4:17cv95-MW/CAS

this District.  All events at issue in this case took place in October 2012 in Key West, Florida.  *See* ECF No. 16 at 3-8.  Accordingly, it is recommended that this case be transferred to the Southern District of Florida for all further proceedings.

A federal district court has the authority under 28 U.S.C. § 1406(a) to transfer a case to another district or division "in which it could have been brought."  The Court may also raise the issue of defective venue *sua sponte*.  Lipofsky v. New York State Workers Comp. Bd., 861 F.2d 1257, 1259 (11th Cir. 1988) (stating "a district court may raise on its own motion an issue of defective venue or lack of personal jurisdiction; but the court may not dismiss without first giving the parties an opportunity to present their views on the issue.").  This case should be transferred.

It is respectfully **RECOMMENDED** that the motion to dismiss, ECF No. 5, be **DENIED** as moot; that Plaintiff's motion for leave to proceed in forma pauperis, ECF No. 18, be **DENIED** as moot; and this case be

**TRANSFERRED** to the United States District Court for the Southern District of Florida, Key West Division, for all further proceedings.

**IN CHAMBERS** at Tallahassee, Florida, on March 24, 2017.

    S/    Charles A. Stampelos
**CHARLES A. STAMPELOS**
**UNITED STATES MAGISTRATE JUDGE**


## NOTICE TO THE PARTIES

Within fourteen (14) days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to these proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A copy of the objections shall be served upon all other parties. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. Fed. R. Civ. P. 72(b)(2). <u>Any different deadline that may appear on the electronic docket is for the Court's internal use only and does not control.</u> If a party fails to object to the Magistrate Judge's findings or recommendations as to any particular claim or issue contained in this Report and Recommendation, that party waives the right to challenge on appeal the District Court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.

Case No. 4:17cv95-MW/CAS